# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TERESA MARTINO, | |
|             Plaintiff, | Case No. 3:17-cv-01326-JCH |
| v. | |
| BANK OF AMERICA, N.A., ET AL., | |
|             Defendants. | December 04, 2017 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES,**
**AND REQUESTS FOR PRODUCTION**
**ADDRESSED TO DEFENDANT SETERUS, INC.**

PLEASE TAKE NOTICE that the Plaintiff, through counsel, submits to the Defendant Seterus, Inc., the following Requests for Admission, Interrogatories, and Requests for Production of Documents (hereinafter "RFPs"). Plaintiff requests that Seterus answer each Request for Admission, Interrogatory, and RFP, in writing separately and fully, under oath, within 30 days after service and in accordance with the procedures and definitions specified in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Local Rule 26. As noted below, the answers should include all information known up to the date of the verification thereof and each Request for Admission, Interrogatory, and RFP, and each subpart of each shall be accorded a separate answer.

In answering these Requests for Admission, Interrogatories, and RFPs, Seterus is required to furnish information not only within its knowledge or obtainable by it, but any information or knowledge in the possession of, or obtainable by, its attorneys, investigators, representatives, agents, employees, or anyone acting on its behalf. These Requests for

1

Admission, Interrogatories, and RFPs are deemed to be continuing, requiring Seterus to submit by way of supplemental answer or production any additional response and future information that may become known to it or its representatives prior to the closing of the record in this action.

If Seterus objects to any of Plaintiff's Requests for Admission, Seterus must state with specificity the grounds for objecting to the request pursuant to Fed. R. Civ. P. 36(a)(5). If Seterus does not admit a matter, the answer must specifically deny it or state in detail why Seterus cannot admit or deny the matter pursuant to Fed. R. Civ. P. 36(a)(4).

Seterus must list each document withheld on the basis of a privilege on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

## DEFINITIONS

Definitions are those set forth in Local Rule 26(c) with the exception of the case-specific definitions set forth below:

A. "Seterus" unless otherwise indicated, shall refer to Seterus, Inc. and its departments, agencies, officers, employees, and/or agents.

B. "Plaintiff" shall refer to Teresa Martino.

C. "Home" shall refer to 1107 N. High St, East Haven, CT 06512.

D. "Mortgage" shall refer to the loan serviced by Seterus from December 1, 2015 to the present, which is secured by an open-end mortgage deed on the Home.

E. "Relevant Period" shall refer to July 1, 2015 through the present.

F. As used in the following Interrogatories, the terms "you" and "your" shall refer to Seterus, as defined above, and any of its investigators, attorneys, accountants, agents,

2

employees, representatives, and all persons acting on their behalf for purposes of the matter under inquiry.

G. The term "person" or "individual" means, unless otherwise specified, any natural person, proprietorship, partnership, firm, corporation, association, trust, group of natural persons, organization, or other entity of any nature whatsoever. The term "document" means any written, recorded, graphic, or electronic material of any kind whether prepared by you or any other person that is in your possession, custody, or control. The term "document" includes, but is not limited to: the original and every copy, regardless of origin or location, of any book, pamphlet, calendar, or diary entries, visitor books, periodical, letter, memorandum, e-mails, instant messages, schedule, telegram, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc, computer printout, data sheet, data processing card, telephone message pads, minutes of meetings, conferences, telephone or other conversations or communications, ledgers, logs, financial statements, photostats, microfilm, microfiche, audio, video or other magnetically-coded recordings, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, to which you have or have had access. The term also includes electronically or electromagnetically-stored data from which information can be obtained, either directly or indirectly, by translation through detection devices, readers, computer programs, or electronic retrieval and the documentation necessary and sufficient to access the universe of data produced and to interpret the date. The term "document" includes the original documents (or a copy thereof if the original is not available) and all copies which differ in any respect from the original or which bear any notation, marking, or information not on the original.

H. A document is deemed to be in Seterus's possession, custody, or control if it is in its physical custody, or if it is in the physical custody of any other person and Seterus (a) owns such document in whole or in part; (b) has a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) has an understanding, expressed or implied, that it may use, inspect, examine, or copy said document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine, or copy such document when it sought to do so. Such documents shall include, without limitation, documents that are in the custody of Seterus's attorneys or other agents.

I. "Identify" and all of its forms means:

1. When referring to a document, to state the type of document (e.g., letter, contract, memorandum, etc.), its date, the author(s) and addressee(s) of the document, its title, general subject matter, present location, and name and address of the custodian. Documents to be identified shall include documents that you maintain are destroyed (in which case, state the date, place, manner, and authority for its destruction), and documents with respect to which a privilege is or may be claimed.

2. When referring to a natural person, to state his or her full name, present or last known residence and business addresses, present or last known residence and business telephone numbers, present or last known employer or business affiliation, and present or last known position held. When referring to any entity other than a natural person, to state its full name and the address of its principal place of business.

    3. When referring to an oral communication, to state the date upon which it occurred, identify the speaker and each other person who were present when it was made, state its substance, and identify each document which refers or relates, in whole or in part, to said oral communication.

    4. When referring to a meeting, conference, event, or occurrence, to state the date, duration, location, and persons attending or participating in the meeting, conference, event, or occurrence.

J. "State" means to set forth fully and unambiguously every fact relevant to the answer called for by the Interrogatory, Request for Admission, and/or Request for Production of which you, your agents, or your representatives have knowledge.

K. "May 2016 Modification Agreement" means the Modification Agreement packet that Seterus originally sent Ms. Martino in May 2016.

L. "September 2016 Trial Period Plan" means the Trial Period Plan that Seterus offered Ms. Martino in September 2016.

## REQUESTS FOR ADMISSION

1. Admit that after taking over the servicing of Ms. Martino's loan on December 1, 2016, Seterus did not continue processing the loan modification application Ms. Martino had submitted to Bank of America in November 2015.

**RESPONSE:**

2. Admit that Seterus offered Ms. Martino a Trial Period Plan in writing in February 2016.

**RESPONSE:**

3. Admit that the attached Exhibit A is a true and genuine copy of the document referenced in Request for Admission No. 2.

**RESPONSE:**

4. Admit that Ms. Martino successfully completed her Trial Period Plan, and that Seterus offered her a Modification Agreement in May 2016.

**RESPONSE:**

5. Admit that the attached Exhibit B is a true and genuine copy of the document referenced in Request for Admission No. 4.

**RESPONSE:**

6. Admit that between May and August of 2016, Seterus representatives told Ms. Martino she might be able to modify the terms of the May 2016 Modification Agreement to shorten her repayment period.

**RESPONSE:**

7. Admit that on or around June 27, 2016, Ms. Martino made at least one payment of $1446.13 on her mortgage, a higher payment than that required by either her Trial Payment Plan or the May 2016 Modification Agreement.

**RESPONSE:**

6

8. Admit that Ms. Martino signed and returned the May 2016 Modification Agreement to Seterus in or around August 2016.

   **RESPONSE:**

9. Admit that Seterus refused to accept the signed May 2016 Modification Agreement, and instead sent Ms. Martino a new copy of the Modification Agreement with identical terms, and with instructions to sign and return it by October 19, 2016.

   **RESPONSE:**

10. Admit that in September 2016, despite the parties' ongoing efforts to finalize the May 2016 Modification Agreement, Seterus placed Ms. Martino in another Trial Period Plan.

    **RESPONSE:**

11. Admit that the attached Exhibit C is a true and genuine copy of the Mortgage Trial Modification Offer Seterus sent to Ms. Martino in September 2016, placing her in another Trial Period Plan as referenced in Request for Admission No. 10.

    **RESPONSE:**

12. Admit that in late September or early October 2016, a Seterus representative told Ms. Martino to make a payment on the September 2016 Trial Period Plan, instead of under the May 2016 Modification Agreement.

    **RESPONSE:**

7

13. Admit that on October 17, 2016, Ms. Martino signed and returned the May 2016 Modification Agreement, and that Seterus counter-signed the May 2016 Modification Agreement on October 20, 2016 and returned it to Ms. Martino, thus fully executing the May 2016 Modification Agreement.

**RESPONSE:**

14. Admit that the attached Exhibit D is a true and genuine copy of the document referenced in Request for Admission No. 11.

**RESPONSE:**

15. Admit that after executing the May 2016 Modification Agreement in October 2016, Seterus accepted two additional full payments from Ms. Martino under the terms of the September 2016 Trial Period Plan.

**RESPONSE:**

16. Admit that in December 2016, Seterus notified Ms. Martino in writing that it would not offer her a permanent modification as a result of her successful completion of the September 2016 Trial Period Plan.

**RESPONSE:**

17. Admit that the attached Exhibit E is a true and genuine copy of the document referenced in Request for Admission No. 14.

**RESPONSE:**

## INTERROGATORIES

1. Provide the full name, job title, and current business address of each person providing information in response to these Interrogatories and Requests for Production.

**ANSWER:**



2. Identify the complete name, job title, and business address of all the Defendant's employees, agents, contractors, or other persons or entities acting on behalf of the Defendant who were directly involved with the activities or services concerning the Plaintiff during the Relevant Period and as described in the Complaint. Include a description of the duties performed by each such person or entity with respect to the Defendant, and, as applicable, state whether such person is still employed by the Defendant or by one of its mortgage servicing agents and, if so, their current business address.

**ANSWER:**


## REQUESTS FOR PRODUCTION

Plaintiff Teresa Martino hereby requests that Seterus provide counsel for Plaintiff with copies of the documents described in the following Requests for Production. If any production request cannot be answered in full, please answer to the extent possible. Please provide the following:

1.      All documents relating to the Plaintiff's loan during the Relevant Period, including but not limited to all notes on any systems of record; data entries; internal communications; payment histories; and communications concerning, with, from, or to the Defendant, including communications with any third parties (in all cases including recordings or summaries of telephone calls, and telephone logs).

**RESPONSE:**


2.      Any and all of Defendant's policies and procedures that were in effect during the Relevant Period and were possibly or definitely applicable to Plaintiff's applications for loan workout assistance, including all policies concerning the timelines for reviewing and analyzing financial documents received from customers like the Plaintiff and communicating with customers like the Plaintiff. Such policies and procedures should include those applicable to processing loan modifications and the agreements associated therewith.

**RESPONSE:**


3.      Any and all of Defendant's policies and procedures that were in effect during the Relevant Period and that pertained to negotiations with customers about the terms of their loan modifications and that were applicable to Ms. Martino's loan.

**RESPONSE:**


4.      Any and all of Defendant's policies and procedures that were in effect during the Relevant Period and that pertained to Defendant as transferee of servicing rights of loan

10

accounts. Such documents should include any policies or procedures governing the transfer of loans in the process of modification.

**RESPONSE:**


5.  A detailing of all the fees assessed to Plaintiff's account including the date and the amount of each fee, the reason for imposing each fee, and all documentation supporting the imposition of such charges from the Relevant Period.

**RESPONSE:**


6.  Any and all employee or contractor training documents pertaining to the policies and procedures produced in response to the above RFPs.

**RESPONSE:**



7.  To the extent not already produced, all documents identified in response to or relied upon to prepare responses to the Requests for Admission and Interrogatories.

**RESPONSE:**


|  |  |
|---|---|
|  | PLAINTIFF |
|  | TERESA MARTINO |
|  |  |
|  | By:    /s/    *Jeffrey Gentes* |
| On the Discovery: | Jeffrey Gentes (ct28561) |
|  | J.L. Pottenger, Jr. (ct05479) |
| Noah Kolbi-Molinas | Jerome N. Frank Legal Service Organization |

11

| | |
|---|---|
| Yale Law School '18<br>Law Student Intern | Yale Law School<br>127 Wall Street<br>New Haven, CT  06511 |
| Joe Muller<br>Yale Law School '19<br>Law Student Intern | Tel.: (203) 432-4800<br>Fax: (203) 432-1426<br>jeffrey.gentes@ylsclinics.org<br>j.pottenger@ylsclinics.org |
| Elizabeth Pierson<br>Yale Law School '18<br>Law Student Intern | |
| Jacob Zionce<br>Yale Law School '18<br>Law Student Intern | |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served on the following counsel via electronic mail on the 4th day of December 2017, as follows:

Pierre-Yves Kolakowski, Esq.
Zeichner Ellman & Krause LLP
35 Mason Street
Greenwich, Connecticut 06830
(203) 622-0900
pkolakowski@zeklaw.com

Richard C. Demerle, Esq. (*pro hac vice*)
Sassoon & Cymrot, LLP
84 State Street Boston, MA 02109
(617) 720-0099
RDemerle@SassoonCymrot.com

Dana A. Jonson, Esq.
Law Offices of Dana A. Jonson, LLP
13 Starr Lane Bethel, CT 06801
(203) 797-8881
Jonson.Dana@gmail.com

By:_____/s/__*Jeffrey Gentes*_____
     Jeffrey Gentes