UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERESA MARTINO,
    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,
    Defendants.

C.A. No. 3:17-CV-01326-JCH

May 4, 2018

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The motion to compel filed by Plaintiff Teresa Martino ("Plaintiff") in the above-captioned matter was largely obviated when Defendant, Seterus Inc. ("Defendant" or "Seterus") served supplemental discovery responses to Request for Interrogatories on April 30, 2018 and Request for Production on May 4, 2018 pursuant to ongoing discussions between the parties that culminated in an agreement to narrow the scope of certain requests and Defendant's continued commitment to comply. To the extent points of controversy remain, Plaintiff's motion should be denied in its entirety.

Absent from Plaintiff's supporting brief is any meaningful reference to the 2015 amendment to the Federal Rules of Civil Procedure modifying Rule 26(b)(1) to provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action. … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff attempts to skirt past the critical proportionality requirement because

none of the sweeping discovery demands comport with the amended rule. The additional information and documents sought are not at all relevant to Plaintiff's claims.

For this and other reasons more fully explained below, Plaintiff's motion to compel should be denied in its entirety.

I.     **FACTUAL BACKGROUND**

Seterus, Inc. is a fully integrated specialty loan servicing company with a principal place of business located at 3039 Cornwallis Road, RTP, North Carolina. *See* Complaint, ¶ 7. On May 23, 2005, the Plaintiff executed a promissory note memorializing a loan to the Plaintiff in the amount of $135,000.00 from America's Wholesale Lender. As security for her obligations under the note, the Plaintiff granted a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for the lender. The mortgage was assigned to BAC Home Loans Servicing, LP by assignment of mortgage dated September 26, 2010. The Mortgage was then assigned to Federal National Mortgage Association by assignment of mortgage dated December 14, 2015. On December 1, 2015, Seterus began servicing the note and mortgage on behalf of Federal National Mortgage Association. *Id.* ¶ 7.

Seterus offered the Plaintiff a trial plan as a step towards a permanent loan modification offer in February of 2016 as the Plaintiff's note and mortgage payments were in default. *Id.* ¶ 35. Seterus forwarded a permanent loan modification agreement to the Plaintiff dated May 12, 2016. *Id.* ¶ 36. The modification offered to extend the term of her mortgage to 40 years; fix her note's interest rate at four (4) percent; set her monthly principal-and-interest payments at $555.65; set her initial monthly escrow payment amount at $811.46; and set the first payment date for June 1, 2016. *Id.*

The Plaintiff delayed signing the May 2016 modification because she was "[u]nhappy with the specific terms offered" and tried to negotiate even more favorable terms. *Id.* ¶ 37. The Plaintiff delayed signing the May 2016 modification for two months, finally signing it on August 3, 2016, despite Seterus's advice that Plaintiff sign and return the modification by June 1, 2016. *Id.* ¶ 39. Seterus could not implement the agreement's terms because the Plaintiff submitted a written comment along with the May 2016 modification.

On September 13, 2016, attempting to get the Plaintiff into a loan modification agreement, Seterus sent the Plaintiff a clean version of the May 2016 modification. *See* Complaint, Exhibit D. Seterus also sent the Plaintiff a new trial plan as a step towards another loan modification agreement as the Plaintiff's loan was still in default. *See* Complaint, Exhibit C. Consequently, as of September 2016, Seterus had offered the Plaintiff two options to cure the default on her note and mortgage; either execute the May 2016 modification or start a new trial plan towards a new modification agreement. *Id.*, Exhibits D and C, respectively. On October 17, 2016, the Plaintiff signed the clean version of the May 2016 modification. *Id.*, Exhibit D. On October 19, 2016, Seterus received the executed version of the May 2016 modification and, on October 20, 2016, signed and implemented its terms. *Id.*

The Plaintiff's first payment under the note and mortgage would be due on June 1, 2016 per the terms of the May 2016 modification. *Id.*, Exhibit D, ¶ 2. When the Plaintiff forwarded the executed May 2016 modification to Seterus on October 17, 2016, only then could Seterus set June 1, 2016 at the first payment date for the loan. *Id.* In the period between June 1, 2016 and October 19, 2016, Seterus only received and credited two payments from the Plaintiff; one payment "on or about June 27, 2016" and an October 5, 2016 payment the Plaintiff made for the

first September 2016 trial plan payment. *Id.* ¶ 38.  Seterus sent a letter to the Plaintiff memorializing the October 2016 payment.

On October 20, 2017, when Seterus implemented the terms of the May 2016 modification, Seterus applied the June 27, 2016 payment and the October 5, 2016 payment to the first two payments due under the May 2016 modification, making the loan due for July 2016. *Id.*, ¶ 2 and Exhibit 2. Seterus then accepted two additional payments from the plaintiff on November 1, 2016 and on December 5, 2016, making the loan due for October 2016. Seterus sent letters to the Plaintiff memorializing the November 2016 and December 2016 payments. Seterus advised the Plaintiff by letter dated December 12, 2016 that Seterus would not offer her a permanent loan modification following the September 2016 trial plan because Seterus had already implemented the terms of the May 2016 modification. *Id.*, ¶ 48 and Exhibit E. Therefore, as of January 1, 2017, the Plaintiff was in arrear four payments under the note, mortgage, and the May 2016 modification: October 2016, November 2016, December 2016 and January 2017.

On March 1, 2017, Federal National Mortgage Association filed a complaint with the Superior Court (Judicial District of New Haven) to foreclose the mortgage because the payments under the note and mortgage were in default.  Id., ¶ 50. On May 26, 2017, the Plaintiff filed her answer to the state court foreclosure action. On August 6, 2017, the Plaintiff filed a complaint with this Court, naming Bank of America, N.A. and Seterus as defendants and commencing the above-captioned action. On November 6, 2017, the Plaintiff filed her first amended complaint alleging three causes of action against Seterus; Breach of contract; negligence; and Violation of the Connecticut Unfair Trade Practices Act.

## II. PLAINTIFF'S DISCOVERY DEMANDS AND DEFENDANT'S COMPLIANCE

Seterus timely responded to Plaintiff's First Requests for Admissions on March 19, 2018, first set of Interrogatories on March 19, 2018, and Requests for Production on March 29, 2018. Defendants written discovery responses were provided within 30 days of the expiration of Defendant's motion to stay which was granted by the Court through March 1, 2018. Over the next few weeks, Plaintiff initiated a meet and confer process challenging certain of Defendant's objections to production requests as well as responses to interrogatories. Defendant responded to Plaintiff's requests with Supplemental Responses to Requests for Production on April 5, 2018, in addition to supplementing informal Interrogatory responses based on inquires received from Plaintiff's counsel. Defendant further responded by providing third Supplemental Responses to Document Production on May 4, 2018, as well as provided Supplemental Responses to Interrogatories on April 30, 2018 (a copy of Defendant's written response to Plaintiff's discovery demands is attached hereto at Tab A). In the interim, though, Plaintiff filed the instant motion to compel.

## III. LAW & ARGUMENT

Discovery under the Federal Rules of Civil Procedure is broad, it however, is by no means unlimited. The 2015 amendments amplify this principle by limiting the scope of discoverable information to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

26(b)(1). Chief Justice John Roberts, in his 2015 Year-End Report, observed the amended rule requires lawyers to "size and shape" their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense but eliminate unnecessary or wasteful discovery." *Williams v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:15-cv-673, 2016 WL 4083598, at *3 (D. Conn. Feb. 16, 2016).

Under the standard imposed by the amended rule, "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as the party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.* at *4 (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).  See also *Scribner v. Ocean State Jobbers, Inc.*, No. 3:14CV01486, 2016 WL 4926410, at *2 (D. Conn. Sept. 14, 2016)(in discovery disputes, the Court is "called upon to engage in a proportionality analysis, and must balance the value of the requested discovery against the cost of its production").  On the whole, "the amendments were intended to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse.'" *Alaska Electrical Pension Fund v. Bank of America Corp.*, No 14-CV-7126, 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016).

Measured against the operative standard it is clear the additional documents and information plaintiff seeks go well beyond the scope of permissible discovery.

A. Interrogatories

   **a. Interrogatory No. 2**

   *Interrogatory #2.* Identify the complete name, job title, and business address of all the Defendant's employees, agents, contractors, or other persons or entities acting on behalf of the Defendant who were directly involved with the activities or services concerning the Plaintiff during the Relevant Period and as described in the Complaint. Include a description of the duties performed by each such person or entity with respect to the Defendant, and, as applicable, state whether such person is still employed by the Defendant or by one of its mortgage servicing agents and, if so, their current business address.

   RESPONSE:

   Seterus responds to this interrogatory as follows:
   - Serrena Foulk, Seterus, Inc., 14523 SW Milikan Way, Beaverton, Oregon. Ms. Foulk forwarded the September 2016 mortgage trial modification offer to the Plaintiff. Ms. Foulk no longer works for Seterus.
   - Tooty Mohr, Seterus, Inc., 14523 SW Milikan Way, Beaverton, Oregon. Ms. Mohr countersigned the May 2016 loan modification agreement on October 20, 2016. Ms. Mohr no longer works for Seterus.
   - Kristin Leeson, Seterus, Inc., default management late-stage specialist, Seterus, Inc. 14523 SW Milikan Way, Beaverton, Oregon. Ms. Leeson took a phone call from the Plaintiff on January 11, 2016 regarding the Plaintiff's loan modification application submitted previously to Bank of America, N.A. Ms. Leeson currently works for Seterus.
   - Ryan Blackburn, Seterus, Inc., 14523 SW Milikan Way, Beaverton, Oregon. Mr. Blackburn forwarded Plaintiff written correspondence on or about September 2, 2016 advising the modification was not implemented. Mr. Blackburn currently works for Seterus.
   - Steven Kuhls, default management late-stage specialist, Seterus, Inc., 14523 SW Milikan Way, Beaverton, Oregon. Mr. Kuhls made unanswered telephone calls to the Plaintiff on or about June 20, 2016; July 21, 2016; November 2, 2016; November 18, 2016; November 23, 2016; and February 1, 2017. Mr. Kuhls spoke with the Plaintiff on or about August 26, 2016 regarding her mortgage modification. Mr. Kuhls currently works for Seterus.
   - Kevin Vandecoevering, correspondence support specialist, Seterus, Inc., 14523 SW Milikan Way, Beaverton, Oregon. On or about January 19, 2016 Mr. Vandecoevering received Plaintiff's correspondence dated January 15, 2016 and, on or about August 10, 2016 Mr. Vandecoevering received Plaintiff's correspondence dated August 5, 2016. Mr. Vandecoevering currently works for Seterus.
   - Dawn McCandlish, an employee of Manpower Group, 100 Manpower Place, Milwaukee, Wisconsin ("Manpower"). Seterus contracted with Manpower for temporary staff, on an as-needed basis. Manpower assigned Ms. McCandlish to

> Seterus.  Ms. McCandlish made unanswered telephone calls to the Plaintiff on or about April 26, 2016; May 19, 2016; May 27, 2016; July 20, 2016; and August 8, 2016.  Ms. McCandlish spoke with the Plaintiff on or about August 10, 2016 regarding her modification status.  Ms. McCandlish spoke with the Plaintiff on or about September 27, 2016 regarding her mortgage loan.  Ms. McCandlish is no longer assigned to Seterus.
> - Neal Brown, an employee of Aerotek, 9020 SW Washington Square Road, Suite No. 300, Tigard, Oregon ("Aerotek").  Seterus contracted with Aerotek for temporary staff, on an as-needed basis.  Aerotek assigned Mr. Brown to Seterus.  Mr. Brown spoke with the Plaintiff on or about January 25, 2017 regarding the Plaintiff's mortgage loan.  Mr. Brown is no longer assigned to Seterus.
> - Xonia Neal, an employee of Manpower.  Seterus contracted with Manpower for temporary staff, on an as-needed basis.  Manpower assigned Ms. Neal to Seterus. Ms. Neal spoke with the Plaintiff on or about September 9, 2016 about her loan modification. Ms. Neal made unanswered telephone calls to the Plaintiff on or about November 3, 2016 and February 21, 2017.  Ms. Neal is no longer assigned to Seterus.
> - Rosetta Montgomery, an employee of Aerotek.  Seterus contracted with Aerotek for temporary staff, on an as-needed basis.  Aerotek assigned Ms. Montgomery to Seterus.  Ms. Montgomery spoke with Plaintiff on October 13, 2016 regarding her trial payments.  Ms. Montgomery spoke with Plaintiff on November 8, 2016 to discuss her mortgage payments.  Ms. Montgomery made an unanswered telephone call to the Plaintiff on December 21, 2016.  Ms. Montgomery is no longer assigned to Seterus.
> - Tina Gall, default management late-stage specialist, Seterus, 14523 SW Milikan Way, Beaverton, Oregon.  Ms. Gall currently works for Seterus.

Defendant, Seterus, Inc.'s, supplemental response has obviated Plaintiff's motion to compel. Through Plaintiff's own admission, "Defendant's counsel has informally corrected some of these deficiencies in response to inquiries by Plaintiff's counsel," Plaintiff admits that Seterus has been cooperating and has provided Plaintiff with all requested available non-privileged information. In addition, Plaintiff's motion fails to cite any compelling reason that outstanding information is relevant to Plaintiff's claim and its proportional needs to the case. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

    B. Request for Production

> **Request #1:** All documents relating to the Plaintiff's loan during the Relevant Period, including but not limited to all notes on any systems of record; data entries; internal communications; payment histories; and communications concerning, with, from, or

8

> to the Defendant, including communications with any third parties (in all cases including recordings or summaries of telephone calls, and telephone logs).
>
> RESPONSE:
>
> Following a reasonable search, the producing party has identified the following documents responsive to this request (communications to the Plaintiff from prior servicers and/or mortgagors, communications to the Plaintiff from Bank of America, communications to the Plaintiff from Seterus including account history, loan documentation, transfer of servicing notice, and the comment log, documents identified as bates numbers 000001-000431). To the extent requesting party's request seeks additional documentation, the producing party responds as follows: responding party objects to this request as the requesting party has equal and/or similar access to relevant information insofar as the requesting party is seeking documentation that is/or should be in the possession of the requesting party. In addition, responding party objects to this request as the requesting party is seeking internal communications including communications to third parties subject to the work-product doctrine and attorney-client privilege. Defendant has identified documents via the privilege log to which it is currently withholding.

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Not only does Plaintiff's motion to compel admit that Defendant has provided the requested documentation, "Defendant has produced system notes covering the Relevant Period," Plaintiff's motion to compel is absent any explanation detailing the relevancy of the request to Plaintiff's claims. Defendant, Seterus, Inc, has complied with Plaintiff's Request #1 by producing the relevant non-privileged documents bates numbers 00001-00431. Plaintiff seeks unlimited documentation through the ambiguous and open-ended request regarding "All documents relating to the Plaintiff's loan during the Relevant Period, including but not limited to….". Plaintiff fails to weigh the burden or expense of the proposed discovery to its likely benefits despite the request for "all documentation." Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means. Rather,

Plaintiff is seeking wasteful and endless document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

> **Request #2:** Any and all of Defendant's policies and procedures that were in effect during the Relevant Period and were possibly or definitely applicable to Plaintiff's applications for loan workout assistance, including all policies concerning the timeliness for reviewing and analyzing financial documents received from customers like the Plaintiff and communicating with customers like the Plaintiff. Such policies and procedures should include those applicable to processing loan modifications and the agreements associated therewith.
>
> RESPONSE:
>
> This request is overly broad and unduly burdensome as the request places no limitation on the relevant time frame despite the subject matter of this litigation occurring from July 1, 2015 to the present. Producing party has, therefore, limited its search to materials from December 1, 2015 to the present. Further, the request is overly broad, ambiguous, and vague in nature as it fails to narrowly define the requested documentation and relies on "[a]ny and all of Defendant's policies and procedures … were possibly or definitely applicable…" Additionally, materials pertaining to Defendant's policies and procedures are proprietary in nature and contain confidential and/or trade secret information, therefore the requested documents are protected by the work product doctrine and attorney-client privilege. Defendant is withholding producing any internal policies and/or procedures.

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Further, Plaintiff's request for production and subsequent motion fails to adequately establish any substantial need for Defendant's policies and/or procedures as they may relate to Plaintiff's claims, or whether the burden or expense of the proposed discovery outweighs its likely benefit. *See Gresser v. Wells Fargo Bank, N.A.*, Docket No. CCB-12-0987, 2014 U.S. Dist. LEXIS 9021 (D. Md. Jan. 24, 2014). Instead, Plaintiff vaguely requests unlimited production of "Any and all of Defendant's policies and procedures that were in effect during the Relevant period and were possibly or definitely applicable….," absent any explanation or nexus provided as to possible benefits that the production of the documents would provide to Plaintiff's negligence, breach of contract or

CUTPA claims. Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means. Rather, Plaintiff is seeking wasteful and infinite document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

> **Request #3**: Any and all of Defendant's policies and procedures that were in effect during the Relevant Period and that pertained to negotiations with customers about the terms of their loan modifications and that were applicable to Ms. Martino's loan.
>
> RESPONSE:
>
> This request is overly broad and unduly burdensome as the request places no limitation on the relevant time frame despite the subject matter of this litigation occurring from July 1, 2015 to the present. Producing party has, therefore, limited its search to materials from December 1, 2015 to the present. Further, the request is overly broad, ambiguous, and vague in nature as it fails to narrowly define the requested documentation and relies on "[a]ny and all of Defendant's policies and procedures …" Additionally, as stated in Defendant's Supplemental Response to Request No. 2, materials pertaining to Defendant's policies and procedures are proprietary in nature and contain confidential and/or trade secret information, therefore the requested documents are protected by the work product doctrine and attorney-client privilege. Defendant is withholding producing any internal policies and/or procedures

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Further, Plaintiff's request for production and subsequent motion fails to adequately establish any substantial need for Defendant's policies and/or procedures as they may relate to Plaintiff's claims, or whether the burden or expense of the proposed discovery outweighs its likely benefit. *See Gresser v. Wells Fargo Bank, N.A.*, Docket No. CCB-12-0987, 2014 U.S. Dist. LEXIS 9021 (D. Md. Jan. 24, 2014). Instead, Plaintiff requests unlimited production of "any and all of Defendant's policies and procedures that were in effect…," absent any explanation or nexus provided as to possible benefits that the production of the documents would provide to Plaintiff's negligence, breach of

contract or CUTPA claims. Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means. Rather, Plaintiff is seeking wasteful and infinite document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

> **Request #4:** Any and all of Defendant's policies and procedures that were in effect during the Relevant Period that pertained to Defendant as transferee of servicing rights of loan 11 accounts. Such documents should include any policies or procedures governing the transfer of loans in the process of modification.
>
> RESPONSE:
>
> This request is overly broad and unduly burdensome as the request places no limitation on the relevant time frame despite the subject matter of this litigation occurring from July 1, 2015 to the present. Producing party has, therefore, limited its search to materials from December 1, 2015 to the present. Further, the request is overly broad, ambiguous, and vague in nature as it fails to narrowly define the requested documentation and relies on "[a]ny and all of Defendant's policies and procedures … any policies or procedure …" Additionally, as stated in Defendant's Supplemental Response to Request No. 2 and No. 3, materials pertaining to Defendant's policies and procedures are proprietary in nature and contain confidential and/or trade secret information, therefore the requested documents are protected by the work product doctrine and attorney-client privilege. Defendant is withholding producing any internal policies and/or procedures.

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Plaintiff's request for production and subsequent motion fails to adequately establish any substantial need for Defendant's policies and/or procedures as they may relate to Plaintiff's claim of Connecticut Unfair Trade and Practices Act, or whether the burden or expense of the proposed discovery outweighs its likely benefit. Instead, Plaintiff requests unlimited production of "any policies or procedures governing the transfer of loans in the process of modification," absent any explanation or nexus provided as to possible benefits that the production of the documents would

12

provide to Plaintiff's CUTPA claim. Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means, especially when Plaintiff's actual allegation is that Bank of America "failed to communicate [to Seterus]… Ms. Martino's acceptance of Bank of America's offer to permanently modify her loan. *See Amended Complaint* ¶ 31. Plaintiff further erroneously attempts to seek production of Defendant's policies and procedures to determine "whether Defendant and its employees acted in a way reasonably calculated to prevent such occurrences." Notwithstanding, the rule regarding a violation of CUTPA is as follows:

> It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons] . . . All three criteria do not need to be satisfied to support a finding of unfairness.

Szekeres v. Szekeres, 126 Conn.App. 829, 841, cert. denied, 300 Conn. 939 (2011). Again, Plaintiff fails to set forth any nexus between the requested documentation and Plaintiff's claim of CUTPA. Rather, Plaintiff is seeking wasteful and unlimited document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

> **Request #5:** A detailing of all the fees assessed to Plaintiff's account including the date and the amount of each fee, the reason for imposing each fee, and all documentation supporting the imposition of such charges from the Relevant Period.
>
> RESPONSE:

> Following a reasonable search, the producing party has identified the following documents responsive to this request (customer account activity statements, documents identified as bates numbers 000207-000217). To the extent requesting party's request seeks additional documentation, the producing party responds as follows: responding party objects as this request is overly broad and unduly burdensome as the request places no limitation on the relevant time frame of the request. Further, the request is overly broad, ambiguous, and vague in nature as it fails to narrowly define the requested documentation and relies on "[a]ll documentation supporting the imposition…"

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Not only does Plaintiff's motion to compel admit that Defendant has provided the requested documentation, Plaintiff's motion to compel is absent any explanation detailing the relevancy of the request to Plaintiff's claims. Defendant, Seterus, Inc, has complied with Plaintiff's Request #5 by not only providing a spreadsheet as confirmed by Plaintiff's motion to Compel, but Defendant has also provided Account Activity Statements as detailed in Defendant's response #5. Plaintiff seeks unrestricted documentation through the ambiguous and open-ended request regarding "the reason for imposing each fee, and all documentation supporting the imposition of such charges from the Relevant Period." Plaintiff fails to weigh the burden or expense of the proposed discovery to its likely benefits despite the request for "all documentation." Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means. Rather, Plaintiff is seeking wasteful and endless document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

> **Request #6**: Any and all employee or contractor training documents pertaining to the policies and procedures produced in response to the above RFPs.

RESPONSE:

This request is overly broad and unduly burdensome as the request places no limitation on the relevant time frame despite the subject matter of this litigation occurring from July 1, 2015 to the present. Producing party has, therefore, limited its search to materials from December 1, 2015 to the present. Further, the request is overly broad, ambiguous, and vague in nature as it fails to narrowly define the requested documentation and relies on "[a]ny and all of Defendant's policies and procedures … any policies or procedure …" Additionally, as stated in Defendant's Supplemental Response to Request No. 2, No. 3, and No. 4, materials pertaining to Defendant's policies and procedures are proprietary in nature and contain confidential and/or trade secret information, therefore the requested documents are protected by the work product doctrine and attorney-client privilege. Defendant is withholding producing any internal policies and/or procedures.

Plaintiff's request for production and subsequent motion to compel, fails to establish any relevance between Plaintiff's claim and the requested documentation. Further, Plaintiff's request for production and subsequent motion fails to adequately establish any substantial need for Defendant's policies and/or procedures as they may relate to Plaintiff's claims, or whether the burden or expense of the proposed discovery outweighs its likely benefit. Instead, Plaintiff requests unlimited production of "any and all employee or contractor training documents," absent any explanation or nexus provided as to possible benefits that the production of the documents would provide to Plaintiff's negligence, breach of contract or CUTPA claims. Additionally, Plaintiff's motion fails to articulate any attempts by the Plaintiff to obtain the requested documentation or its subsequent equivalent by any other means. Rather, Plaintiff is seeking wasteful and infinite document production in the face of the Federal Rules of Civil Procedure. Therefore, Defendant requests that Plaintiff's motion to compel be denied.

**Request #7**: To the extent not already produced, all documents identified in response to or relied upon to prepare responses to the Requests for Admission and Interrogatories.

RESPONSE:

Following a reasonable search, the producing party has identified no documents responsive to this request. Producing party has identified all documents currently being withheld.

Defendant has produced all documentation responsive to Plaintiff's request for admissions, interrogatories, and production of documents. Further, Plaintiff's motion to compel makes no suggestion as to the benefits and relevance any additional documentation provided would support Plaintiff's claims of negligence, breach of contract and CUTPA. Therefore, Defendant has no responsive documentation to Plaintiff's request #7.

## IV.   CONCLUSION

Defendant's supplemental discovery responses in large measure served to moot plaintiff's motion to compel. To the extend Defendant's discovery objections remain in contention, Plaintiff's motion should be denied because the information and documentation sought are irrelevant to the plaintiffs claims and patently disproportionate given the issues in dispute.

SETERUS, INC.,

By its attorneys,

SASSOON & CYMROT, LLP,

/s/ *Aaron A, Fredericks, Esq.*
Aaron A. Fredericks, Esq. (ct29871)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: May 4, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERESA MARTINO,<br>　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and<br>SETERUS, INC.,<br>　　　Defendants. | C.A. No. 3:17-CV-01326-JCH |

## CERTIFICATE OF SERVICE

I, Aaron A. Fredericks, Esq. of Sassoon & Cymrot, LLP, counsel to Seterus, Inc. in the above-captioned action, hereby certify that I have this 4th day of May 2018 served Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel and this Certificate of Service by causing copies hereof to be sent by electronic mail and by first-class U.S. mail to the following:

| | |
|---|---|
| Jeffrey S. Gentes, Esq.<br>Connecticut Fair Housing Center<br>221 Main Street<br>Hartford, CT 06106 | J. Livingston Pottenger, Jr., Esq.<br>Jerome N. Frank Legal Services Organization<br>Yale Law School<br>PO Box 209090<br>New Haven, CT 06520-9090 |
| Pierre-Yves Kolakowski, Esq.<br>Zeichner, Ellman & Krause<br>35 Mason St.<br>Greenwich, CT 06830 | |

　　　　　　　　　　　　　　　　　　　　*/s/ Aaron A. Fredericks, Esq.*

　　　　　　　　　　　　　　　　　　　　Aaron A. Fredericks, Esq.