UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| TERESA MARTINO | : | Case No: | 3:17-cv-01326-KAD |
| Plaintiff | : | | |
| v. | : | | |
| BANK OF AMERICA, N.A. et al. | : | | |
| Defendant | : | October 22, 2018 | |

**PLAINTIFF'S MOTION PURSUANT TO RULE 37(b)(2)**

After months of delay and despite numerous extensions, Defendant Seterus, Inc., has still not produced the documents necessary to fulfill the Requests for Production (RFPs) that Plaintiff Teresa Martino served on December 4, 2017, and that this Court ordered Defendant to produce on May 29, 2018. Just last week, Defendant requested consent to a further sixty-day extension, claiming that it had now identified "in the range of 10,000 emails" that might be relevant—apparently the result of an initial system search of the sort that Judge Hall ordered Defendant to undertake more than four months ago. Given Defendant's pattern of delay and noncompliance, Plaintiff now moves under Fed. R. Civ. P. 37(b)(2) for an order (1) requiring Defendant to fully and promptly comply with Plaintiff's RFPs, and (2) imposing sanctions for Defendant's undue delay in doing so and for its brazen noncompliance with this Court's order.

I.   **FACTUAL BACKGROUND**

Ms. Martino filed this suit against Seterus[1] alleging misconduct in the servicing of her loan, including negligence, breach of contract, and violations of the Connecticut Unfair Trade Practices Act. Ms. Martino contends that Defendant engaged in such misconduct when it gave her

---

[1] Plaintiff settled with the other defendant, Bank of America, in January 2018.

conflicting information about her payment obligations and when it commenced a foreclosure against her based on a manufactured "default."

On December 4, 2017, Ms. Martino filed her first set of discovery requests. *See* Ex. 1. Among other items, Ms. Martino requested Defendant's internal communications and communications with third-parties regarding her loan, covering "[a]ll documents relating to the Plaintiff's loan during the Relevant Period" in Defendant's records. *See* Ex. 1 at 10. She also requested Defendant's then-applicable policies and procedures that "were possibly or definitely applicable to" her requests for loan workout assistance, including "all policies concerning the timelines for reviewing and analyzing financial documents received from customers like the Plaintiff and communicating with customers like the Plaintiff." *Id*.

On April 13, 2018, after several months of delay from Defendant, Ms. Martino filed a Motion to Compel. *See* Ex. 2; *see also* Ex. 3, Pierson Aff. to Motion to Compel (detailing Defendant's dilatory conduct). The Court heard the motion on May 29, 2018. *See* Ex. 4. Before issuing the Court's order, Judge Hall indicated dismay at Defendant's failure to produce the necessary documents, explaining "I don't really understand[.] [E]ither your client hasn't come to appreciate the fact of what it means to be sued or what your obligations are[,] or you haven't tried hard enough to make them understand." Ex. 4, 28:5-9. The Court stressed that Defendant's repeated "overly broad and unduly burdensome" objections to Ms. Martino's requests were "not acceptable" responses and would "almost" violate "Local Rule 11." Ex. 4, 3:2-5. The Court went as far as to state to defense counsel, "I can sanction you right now. I can sanction your client for thousands of dollars. The rule says I'm supposed to. . . ." Ex. 4, 28:9-11.

Moreover, the Court expressed pointed skepticism that Ms. Martino's requests were burdensome, asking Defendant's counsel whether "people's computers [had] been searched with

the word 'Martino' or the loan number or something like that" and indicating that such a search was "not burdensome." Ex. 4, 38:12-14. The Court instructed Defendant to conduct such a search to ensure that there were "no notes, no nothing, other than what's been produced." Ex. 4, 38:11-12. The Court granted Ms. Martino's Motion to Compel from the bench and gave Defendant until June 12, 2018 to comply. *See* Ex. 5.

Defendant's first gambit, on June 8, was to file an untimely motion for reconsideration rather than comply with the court order. *See* Ex. 6. Defendant claimed that the order should be set aside based on "newly discovered evidence": a four-month-old discovery order in Ms. Martino's state court foreclosure case. *See* Ex. 6 at 6. But this order was not "newly discovered"—on the contrary, (1) it had been "publicly available online months before" the Motion to Compel in this case, and (2) at the May 1, 2018 hearing on Defendant's Motion to Dismiss, Defendant's counsel "said he reviewed the foreclosure docket and was aware of a discovery dispute between the parties." *See* Ex. 7, Pl.'s Opp. to Def.'s Mot. for Recons., at 1, 3-4. The Court denied Defendant's motion for reconsideration on June 20, 2018. Dkt. 90. Defendant then sought and obtained an extension of time to comply with the Court's order, to June 28, 2018. Dkts. 91, 93.

Although Defendant produced some material by June 28, it did not provide documents plainly within the scope of Ms. Martino's RFPs. As a result, on July 6, 2018, Ms. Martino reminded Defendant of its court-ordered obligations and specifically requested certain missing materials, including the documents that remain as the crux of this dispute: (1) Internal emails regarding Ms. Martino's account; (2) Internal "SameTime" Messages regarding Ms. Martino's account; (3) Correspondence between Defendant and third-parties (such as Bank of America) regarding Ms. Martino's loan; and (4) "Call flow and rubric" for grading customer calls. *See* Ex. 8.

On July 12, 2018, counsel for both parties discussed these discovery issues in person. In a series of emails throughout July and August Ms. Martino's counsel memorialized their discussion and tried to obtain the Defendant's agreement to several stipulations regarding discovery, including that it would produce all outstanding documents without further delay. *See* Ex. 9 ("Seterus will provide updated and supplemental answers and documents to the Interrogatories and Requests for Production[] that it has already been served."). On July 30, 2018, Ms. Martino again reminded Defendant of the specific list of materials that were outstanding. *See* Ex. 10.

On September 16, after the parties had filed an amended complaint and answer, Ms. Martino again reminded Defendant of the missing production. On September 19, Defendant asked to have until October 5 to produce the documents at issue. *See* Ex. 11. Then, on September 20, Defendant reprised its months-old "overly broad and unduly burdensome" objections and proposed new production deadlines and conditions. *See* Ex. 12 at 3-4. In response, Plaintiff consented to Defendant's October 5 date but reminded Defendant that this Court had called its objections "not acceptable" and that Defendant was under court order to produce the materials. *See* Ex. 12 at 3.

On the afternoon of October 5, Defendant asked for still more time, claiming that the "the individual responsible for coordinating and overseeing the completion of such requests [was] . . . out of the count[r]y." *See* Ex. 12 at 2. Reluctantly, Ms. Martino again agreed to give Defendant more time, and accommodated Defendant's newly requested date of October 19. *Id*.

On October 16, 2018—more than ten months after Ms. Martino served her original RFPs, nearly five months after this Court ordered Defendant to produce, after numerous delays from Defendant and much forbearance from Ms. Martino, and three days before the date that Defendant had itself most recently requested for compliance—Defendant declared that it had now identified over 10,000 emails that might reference Ms. Martino's loan. Citing an "immense amount of data

that will need to be further reviewed prior to producing," counsel for Defendant proposed yet another extension, until December 31, 2018. *See* Ex. 12 at 1. When Ms. Martino did not consent, Defendant moved this Court for an extension of time on October 19. *See* Ex. 13.

## II.     ARGUMENT

Defendant's correspondence and conduct in this matter demonstrate that it did not even begin to attempt to comply with this Court's order until more than three months after the June 28, 2018 deadline. And its continual delays and shifting excuses suggest that it has little intention of complying without further judicial intervention. For these reasons, Plaintiff now seeks relief under Federal Rule of Civil Procedure 37(b)(2).

Defendant's continued defiance of a court order justifies sanctions. Rule 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The Court may "prohibit the disobedient party . . . from introducing [the] designated matters into evidence," and "treat[] as contempt of court the failure to obey any order . . . ." *Id.* Further, the Court "must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Disciplinary sanctions under Rule 37 serve three purposes: (1) to ensure a party will not benefit from its failure to comply; (2) to act as specific deterrents and seek to obtain compliance; and (3) to serve a general deterrent effect on the case at hand and on other litigation. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

The materials that Ms. Martino has requested fall within Judge Hall's order. As such, Defendant's failure to comply with that order warrants sanctions. Plaintiff has the right to these

materials without further delay. Because Defendant should not benefit from its dilatory conduct, Plaintiff requests that this Court: (1) set strict deadlines for Defendant's production to ensure that the covered materials are produced; (2) bar Defendant from introducing the materials at issue into evidence at trial or as part of any future motion or opposition; (3) award attorney's fees to Plaintiff in connection with this motion; and (4) grant any further relief that the Court deems just and proper.

### A. Defendant Has Evaded this Court's Orders by Failing to Produce the Requested Documents, Which Fall Under the Court's May 2018 Discovery Order.

Ms. Martino seeks the following categories of documents: (A) Internal emails regarding Ms. Martino's account; (B) Internal SameTime Messages regarding Ms. Martino's account (i.e., communications sent via Defendant's internal instant messaging system); (C) Correspondence between Defendant and third-parties (such as Bank of America) regarding Ms. Martino's loan; and (D) Call flow and rubric for grading customer calls (i.e., the then-applicable policies describing how calls should be handled, as well as the standards used to determine how well staff handles calls). These documents are all covered by Plaintiff's December 4, 2017 RFPs, with which this Court has already ordered Defendant comply. Document categories A–C fall within Ms. Martino's RFP #1, while Document category D falls within RFP #2.

Plaintiff's RFP #1 covers:

> All documents relating to the Plaintiff's loan during the Relevant Period, including but not limited to all notes on any systems of record; data entries; *internal communications*; payment histories; and communications concerning, with, from, or to the Defendant, including *communications with any third parties* (in all cases including recordings or summaries of telephone calls, and telephone logs). Ex. 1 at 10 (emphasis added).

Internal emails, SameTime messages, and correspondence with third-parties fall squarely within this request. Judge Hall's order stated that Defendant must "amend their responses and produce documents and policies as discussed on the record." *See* Ex. 5. During the hearing, Judge Hall instructed Defendant to ensure that there were "no notes, no nothing, other than what's been

6

produced." Ex. 4, 38:11-12. She further expressed skepticism that this request was unduly burdensome: "Have people's computers been searched with the word 'Martino' or the loan number or something like that? That's not burdensome I don't think unless you changed your computer system four times in the last two years." Ex. 4, 38:12-16.

Plaintiff's RFP #2 covers:

> *Any and all of Defendant's policies and procedures that were in effect during the Relevant Period* and were possibly or definitely applicable to Plaintiff's applications for loan workout assistance, *including all policies concerning* the timelines for reviewing and analyzing financial documents received from customers like the Plaintiff and *communicating with customers like the Plaintiff*. Such policies and procedures should include those applicable to processing loan modifications and the agreements associated therewith. Ex. 1 at 10 (emphasis added).

The requested "call flow" and "rubric for grading calls" are covered policies and procedures. During the May Motion to Compel hearing, Judge Hall ordered Defendant to produce any policy and procedures that were in place during the relevant period. Ex. 4, 20:21-21:8.

Defendant's conduct throughout September and October 2018 demonstrates that Defendant waited until months after the June deadline to even begin to comply with this Court's May 2018 order. *See* Ex. 11, Ex. 12. This Court warned Defendant's counsel in May that Defendant must "come to appreciate the fact of what it means to be sued or what [its] obligations are," and explained that Defendant's conduct was sanctionable under the local rules. Ex. 4, 28:6-12. Yet Defendant only showed recognition of its obligations on September 20, and on October 16 admitted that it had only reviewed "a small sample" of possibly relevant material. *See* Ex. 12.

**B. Because It Has Undermined an Orderly Discovery Process, Defendant Deserves Sanctions for Violating the Court's Discovery Order.**

The Second Circuit has identified certain factors for determining the appropriateness of sanctions under Rule 37, "including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

7

noncompliance; and (4) whether the non-compliant party has been warned of the consequences of non-compliance." *SNET Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). However, a court need not find that all of these factors weigh against a party that has disobeyed a discovery order to justify a significant sanction. *Id*.

### 1. Defendant's Delays Demonstrate Willfulness and Bad Faith.

The Second Circuit has held that "willfulness, bad faith, or any fault of the party sanctioned" can support sanction up to entry of default judgment. *SNET Co.*, 624 F.3d at 144 (internal quotations and citations omitted). Defendant has shown willfulness—it has knowingly violated a court order. Following a string of excuses, attempted explanations, and requests for extensions, Defendant has finally shown its hand. After nearly five months under an order compelling production, and nearly a year after being served Plaintiff's discovery requests, Defendant has only now begun a search for its communications regarding Ms. Martino's loan. Not only are communications such as emails the most basic of discovery requests, but Judge Hall even explicitly stated that it was "not burdensome" for Defendant to search for emails pertaining to Ms. Martino and her loan in its computer system. Ex. 4, 38:14. Defendant's latest extension request is simply another bad-faith tactic by Defendant to unduly delay this case. Defendant's lackluster effort to comply demonstrates willful disregard for this Court's order.

### 2. The Court Has Attempted Lesser Sanctions.

This Court has previously attempted to force Defendant to fulfill its discovery obligations. Six months ago, Defendant's then already lengthy history of noncompliance forced Plaintiff to file a Motion to Compel. *See* Ex. 3. In May, the Court granted that motion, but declined at that time to formally sanction Defendant or impose fees—relying solely on the power of the Court's order to compel Defendant to produce documents. *See* Ex. 4, Ex. 5. This has proven ineffective, as

Defendant has failed to comply. Plaintiff now asks the Court to impose more serious sanctions to ensure that Plaintiff has access to these court-ordered materials and to deter such conduct, by Defendant or other litigants, in the future.

### 3. The Duration of Noncompliance Is Long.

Defendant's history of noncompliance is long and has constituted "a pattern of 'prolonged and vexatious obstruction of discovery with respect to . . . highly relevant records.'" *SNET Co.*, 624 F.3d at 148. Defendant has delayed discovery for almost a year and been under court order for nearly five months. But it appears to have begun its search for responsive internal communications only last week. And now, due to its own dilatory conduct, it claims it will need another two months to comply. The Court's intervention is necessary to ensure that the duration of noncompliance doesn't lengthen even further.

### 4. Defendant Has Been Warned of the Consequences of Non-Compliance.

Defendant has had ample notice that noncompliance could result in sanctions. Open defiance of a court order is sanctionable conduct. *See Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). No formal warning from the Court is necessary to impose sanctions under Rule 37 for noncompliance with a discovery order: "Parties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." *Id.* at 1366. Even so, Judge Hall already warned that Defendant's "overly broad and unduly burdensome" objections were "not acceptable to me. It's almost Local Rule 11." Ex. 4, 3:2-5. The Court went as far as to state, "I can sanction you right now. I can sanction your client for thousands of dollars. The rule says I'm supposed to. . . ." Ex. 4, 28:9-11. And throughout the period of noncompliance, Ms. Martino has tried to resolve this matter in part by reminding Defendant that it was under court order to produce. *See, e.g.*, Ex. 10, Ex. 12. Nevertheless, Defendant has refused

9

to bring this matter to a close; recently it even attempted to revive the same "overly broad and unduly burdensome" objections that Judge Hall so strongly rejected in May. *See* Ex. 12 at 4. Additionally, Plaintiff warned Defendant on September 24 that "further action" would be taken if it continued in its noncompliance. *See* Ex. 12 at 3. Defendant knew sanctions were a possibility and has instead chosen to disregard this Court's order. Forgiving Defendant's conduct here would undermine the deterrent purpose of the rules governing sanctions. *Update Art, Inc.*, 843 F.2d at 71.

### III.  Relief Requested

Ms. Martino respectfully requests that this Court: (1) set strict deadlines for Defendant's production to ensure that the covered materials are produced; (2) bar Defendant from introducing the materials at issue into evidence at trial or as part of any future motion or opposition; (3) award attorney's fees to Plaintiff in connection with this motion; and (4) grant any further relief that the Court deems just and proper.

### IV.  Conclusion

Plaintiff respectfully requests that this Court issue an order awarding the relief to the Plaintiff as detailed above.

Respectfully Submitted,

|  |  |
|---|---|
|  | THE PLAINTIFF |
|  | TERESA MARTINO |
|  | By:     /s/ *Jeffrey Gentes* |
| Stephanie Garlock | Jeffrey Gentes (ct28561) |
| Yale Law School '20 | J.L. Pottenger, Jr. (ct05479) |
|  | Jerome N. Frank Legal Services Org. |
| Danielle Marryshow | Yale Law School |
| Yale Law School '19 | 127 Wall Street |
|  | New Haven, CT 06511 |
| Joe Muller | Tel.: (203) 432-4800 |
| Yale Law School '19 | Fax: (203) 432-1426 |
|  | jeffrey.gentes@ylsclinics.org |
| Law Student Interns | j.pottenger@ylsclinics.org |

10

## CERTIFICATE OF SERVICE

  I hereby certify that on October 22, 2018, a copy of the foregoing was filed and served electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

          By: <u>/s/ Jeffrey Gentes</u>
             Jeffrey Gentes