UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| TERESA MARTINO,<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and<br>SETERUS, INC.,<br>    Defendants. | C.A. No. 3:17-CV-01326-KAD |
|---|---|

**OPPOSITION OF SETERUS, INC. TO PLAINTIFF'S MOTION FOR SANCTIONS**

SETERUS, INC. has worked and continues to work diligently and in god faith to meet its discovery obligations in this case. In her most recent discovery complaint, Teresa Martino (the "Plaintiff") complains that Seterus has not yet produced responsive emails from a batch of more than 10,000 documents. However, these documents only came to Seterus' attention in July 2018. Seterus – through counsel – has repeatedly asked the Plaintiff to help narrow the pool of responsive document and help Seterus comply with the applicable discovery deadline. The Plaintiff has refused and, instead, filed her motion for sanctions. Seterus continues to review the batch of 10,000 emails for responsiveness in order to fulfill its obligations under the discovery rules. For these reasons, Seterus respectfully asks this Court to deny the Plaintiff's motion for sanctions. In opposition to the motion, Seterus states as follows.

**Statement of Material Facts**

1. On April 13, 2018, Plaintiff filed a <u>Motion to Compel Discovery</u>. Doc. No. 68.

2. On May 29, 2018, the Court granted Plaintiff's motion to compel, setting a deadline of June 12, 2018 to comply. Doc. No. 82.

3. On June 8, 2018, Seterus filed a <u>Motion for Reconsideration</u>. Doc. No. 83.

4. On June 20, 2018, the Court denied the <u>Motion for Reconsideration</u>. Doc. No. 90.

5. On June 21, 2018, Seterus filed a <u>Motion for Extension of Time</u>. Doc. No. 91.

6. On June 25, 2018, the Court granted Seterus' motion for extension of time until Thursday, June 28, 2018 to comply with the May 29, 2018 discovery order. Doc. No. 93.

7. On June 28, 2018, Seterus produced <u>Supplemental Responses of Seterus, Inc. to Plaintiff's Request for Production of Documents</u> and <u>Supplemental Responses of Seterus, Inc. to Plaintiff's Interrogatories</u>. Doc. No. 97, <u>Joint Status Report</u>.

8. On July 6, 2018, after the conclusion of the first day of Plaintiff's 30(b)(6) deposition of Seterus, Plaintiff requested additional discovery from Seterus. <u>Plaintiff's Motion Pursuant to Rule 37(b)(2)</u>, p. 3.

9. From July 2018 through August 2018, the parties exchanged electronic communications regarding the additional requested documents. Doc. No. 97, <u>Joint Status Report</u>.

10. On August 15, 2018, the parties agreed to toll discovery for 30 days after Seterus filed its answer to the Plaintiff's anticipated amended complaint. Doc. No. 104, footnote 1.

11. On August 31, 2018, Seterus filed its <u>Answer to Amended Complaint with Affirmative Defenses</u>. Doc. No. 107.

12. On September 20, 2018, Seterus forwarded electronic mail to Plaintiff in an effort to reach an agreement on narrowing the scope of the Plaintiff's additional discovery requests so that Seterus might respond more quickly. <u>Plaintiff's Motion Pursuant to Rule 37(b)(2)</u>, Exhibit 12.

13. On October 16, 2018, due to Plaintiff's refusal to narrow the scope of the additional discovery requests after the completion of depositions, Seterus informed Plaintiff that the batch of documents potentially responsive to Plaintiff's request is approximately 10,000 emails. <u>Id</u>.

14. On October 19, 2018, Seterus filed its Second Motion for Extension of Time. Doc. No. 117.

15. On October 22, 2018, Plaintiff filed her Motion for Sanctions Pursuant to Rule 37(b)(2). Doc. No. 119.

16. On October 29, 2018, after a telephonic status conference before the Honorable Judge Dooley, the Court granted Seterus' motion for extension of time and took under advisement Plaintiff's motion for sanctions pending an evidentiary hearing scheduled for January 22, 2019.[1] Doc. No. 125.

### Plaintiff's Discovery Demand and Seterus' Compliance

17. Seterus has responded timely and in detail to Plaintiff's multiple discovery requests. Seterus timely responded to Plaintiff's First Requests for Admissions on March 19, 2018, First Set of Interrogatories on March 19, 2018, and Requests for Production of Documents on March 29, 2018. Seterus' written discovery responses were provided within 30 days of the expiration of Seterus' motion to stay which was granted by the Court through March 1, 2018. Seterus responded to Plaintiff's requests with Supplemental Responses to Requests for Production on April 5, 2018, in addition to supplementing informal interrogatory responses based on inquires received from Plaintiff's counsel. Seterus further responded by providing third Supplemental Responses to Document Production on May 4, 2018, as well as provided Supplemental Responses to Interrogatories on April 30, 2018. On June 28, 2018, Seterus produced Supplemental Responses of Seterus, Inc. to Plaintiff's Request for Production of Documents and Supplemental Responses of Seterus, Inc. to Plaintiff's Interrogatories.

---

[1] Seterus submits this opposition to inform the Court of its position prior to the evidentiary hearing.

3

**Conclusions of Law**

18. Rule 37(b) provides that if a party "fails to obey an order to provide or permit discovery," the "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)-(C); see also Martinelli, 179 F.R.D. at 80 (noting that Rule 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery" (citation omitted)). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Tucker v. Am. Int'l Grp., Inc., 936 F. Supp. 2d 1, 26 (D. Conn. 2013) (quoting Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991)). Rule 37(b) "requires that the sanctions must be just; and the sanction must relate to the particular claim to which the discovery order was addressed." Id. at 1366 (citation omitted). The Court has indicated that "[s]everal factors may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule 37, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (internal quotation marks and alternation omitted).

19. As outlined in Seterus' Second Motion for Extension of Time, pursuant to Fed R. Civ. P. 26(e)(1)(A) and to fully comply with Plaintiff's additional document requests, Seterus

4

identified approximately 10,000 emails which may contain Plaintiff's loan number. Seterus was made aware of these emails after the close of discovery. Several of the spreadsheets that contain Plaintiff's loan number include more than 10,000 separate data entries themselves. Furthermore, Seterus is required to redact other consumers' account information contained in the spreadsheets. The redaction process has complicated and delayed Seterus' ability to produce the documents. Due to the time-consuming task and the limited availability of Seterus' employees to redact and assemble the document production, Seterus requested that Plaintiff narrow the scope of the request. <u>Plaintiff's Motion Pursuant to Rule 37(b)(2)</u>, Exhibit 12. Seterus' appeal to the Plaintiff to narrow the scope of the discovery request demonstrates Seterus' willfulness and good faith attempt to comply with the Court's discovery order. Plaintiff refused to limit or narrow the scope of her discovery request, after Plaintiff had completed five (5) depositions, further adding to the delay in the document production. Furthermore, before the Court intervened and granted Seterus' second request for extension of time, the parties had stipulated to extend discovery 30 days after Seterus filed its answer to the Plaintiff's amended complaint. <u>Doc. No. 104</u>, footnote 1. Contrary to Plaintiff's characterization of events, Seterus has complied -- and continues to try to comply -- with its discovery obligations, even as Plaintiff refuses to provide Seterus with any assistance in narrowing the scope of Seterus' search for responsive documents.

**Relief Requested**

WHEREFORE, Seterus respectfully requests that this Court enter an order:

(1) Denying Plaintiff's Motion Pursuant to Rule 37(b)(2); and

(2) Granting Seterus such other and further relief as is just and proper.

                                            Respectfully submitted,

                                            SETERUS, INC.,

                                            By its attorneys,

                                            SASSOON & CYMROT, LLP,

/s/ *Aaron A. Fredericks, Esq.*
Richard C. Demcerle, Esq. (*pro hac vice*)
Aaron A. Fredericks, Esq. (ct29871)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: November 13, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERESA MARTINO,<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and<br>SETERUS, INC.,<br>    Defendants. | C.A. No. 3:17-CV-01326-KAD |

## CERTIFICATE OF SERVICE

I, Aaron A. Fredericks, Esq. of Sassoon & Cymrot, LLP, hereby certify that I have this 15th day of October 2018 served on behalf of Seterus, Inc. this <u>Opposition of Seterus, Inc. to Plaintiff's Motion for Sanctions</u> and this <u>Certificate of Service</u> by causing copies hereof to be sent by electronic mail via the electronic court filing system (ECF) and by first-class U.S. mail (M) to all parties not appearing electronically but entitled to service per the Federal Rules of Civil Procedure.

| Jeffrey S. Gentes, Esq.<br>Jerome N. Frank Legal Services Organization<br>Yale Law School<br>PO Box 209090<br>New Haven, CT 06520-9090 (ECF) | J. Livingston Pottenger, Jr., Esq.<br>Jerome N. Frank Legal Services Organization<br>Yale Law School<br>PO Box 209090<br>New Haven, CT 06520-9090 (ECF) |

                                              */s/ Aaron A. Fredericks*
                                              Aaron A. Fredericks, Esq.