UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| TERESA MARTINO, Plaintiff, v. BANK OF AMERICA, N.A. and SETERUS, INC., Defendants. | C.A. No. 3:17-CV-01326-KAD |
| --- | --- |

**MEMORANDUM IN SUPPORT OF MOTION OF
SETERUS, INC. FOR PROTECTIVE ORDER**

TERESA MARTINO (the "Plaintiff") seeks to compel Seterus, Inc. to produce

electronic "instant" messages stored on its employees' individual computers, a request

that would require a search of numerous computers and a manual review of millions of

messages. Further, Seterus' messaging system is supposed to be used for interpersonal

communications between company employees in a campus-style setting – i.e., messages

sent via this system should not relate to the Plaintiff's loan. For these reasons, Seterus

respectfully moves pursuant to Fed. R. Civ. P. 26(b)(1) and Local Rule 37 for a protective

order excusing Seterus from producing the requested instant messages. In support of

this motion, Seterus states as follows.

**Concise Nature of the Case**

Plaintiff initiated this suit against Seterus alleging misconduct in the servicing of

her loan, including negligence, breach of contract and violations of the Connecticut

Unfair Trade Practices Act. Seterus adamantly denies the allegations.

**Statement of Facts**

1.  On August 6, 2017, the Plaintiff filed with this Court a <u>Complaint</u>, commencing the above-captioned action.

2.  On November 6, 2017, the Plaintiff filed her <u>First Amended Complaint</u>.

3.  On January 15, 2018, Seterus filed with this Court its <u>Motion of Seterus, Inc. to Dismiss</u> as well as its supporting memorandum of law (together, the "Motion to Dismiss").

4.  On April 13, 2018, the Plaintiff filed a <u>Motion to Compel Discovery</u> (the "Motion to Compel").

5.  On May 4, 2018, Seterus filed its <u>Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel</u>.

6.  On May 29, 2018, the Court held oral argument on the Motion to Compel.

7.  On May 29, 2018, the Court issued an order of discovery regarding the <u>Motion to Compel</u> (the "Order").

8.  On June 8, 2018, Seterus filed a <u>Motion for Reconsideration</u> of the Order.

9.  On June 20, 2018, the Court denied Seterus' <u>Motion for Reconsideration</u>.

10. On June 21, 2018, Seterus filed a <u>Motion for Extension of Time</u> to comply with the Court's Order.

11. On June 25, 2018, the Court granted Seterus' <u>Motion for Extension of Time</u> and set forth a deadline of June 28, 2018 to comply with the Order.

12. On June 28, 2018, Seterus complied with the Order.

13. On July 23, 2018, the Court granted in part and denied in part Seterus'

Motion to Dismiss.

14. August 6, 2018, because of the Court's order granting in part and denying

in part the Motion to Dismiss, the parties agreed that Plaintiff would file an amended

complaint on or before August 10, 2018 to clarify and remove certain factual allegations.

**The Motion to Amend Complaint**

15. On August 10, 2018, Plaintiff filed her Consent Motion for Leave to File

Second Amended Complaint (the "Consent Motion").

16. On August 13, 2018, the Court granted the Consent Motion.

17. On August 14, 2018, Plaintiff filed her Second Amended Complaint.

18. On August 31, 2018, Seterus filed its Answer and Affirmative Defenses of

Defendant Seterus, Inc.

19. On September 20, 2018, the case was reassigned to the Honorable Kari A.

Dooley for all further proceedings.

20. On October 17, 2018, the Court ordered the parties to submit a Joint Status

Report.

21. On October 19, 2018, Seterus filed its Second Motion for Extension of Time

requesting an extension to December 31, 2018 to file the joint trial memorandum and

dispositive motions.

22. On October 22, 2018, Plaintiff filed a Motion for Sanctions Pursuant to

Rule 37(b)(2), stating that Seterus has failed to produce "(2) Internal 'SameTime'

Messages regarding Ms. Martino's account." See Doc. No. 119 at 3.

23.     On October 23, 2018, Plaintiff filed her <u>Memorandum in Opposition to</u> <u>Seterus' Motion for Extension of Time</u>.

24.     On October 29, 2018, the Court held a telephonic status conference and granted Seterus' request for extension of time as well as took under advisement Plaintiff's motions for sanctions pending an evidentiary hearing on January 22, 2019.

25.     On December 21, 2018, Plaintiff served on Seterus <u>Plaintiff's Second Set of</u> <u>Interrogatories and Requests for Production Addressed to Defendant Seterus, Inc. in</u> <u>Support of Plaintiff's Motion Pursuant to Rule 37(b)(2)</u>.

26.     On December 26, 2018, counsel for Seterus and the Plaintiff conferred by telephone regarding the Plaintiff's request for SameTime messages.  Counsel for Seterus advised counsel for the Plaintiff of the enormous scale of the SameTime message request due to the sheer number of messages, the lack of a centralized database and the searchability issues.  To their credit, counsel for the Plaintiff – rather than reflexively demanding production of the messages, regardless of the circumstances – thoughtfully requested additional information about the SameTime messaging system so that they could consider restricting their request for SameTime messages.  To be clear, no agreement was reached; therefore, Seterus files this motion in an abundance of caution. Nonetheless, Seterus hopes to work with Plaintiff's counsel on a much more tailored request for SameTime messages that would not be unduly burdensome to Seterus.

## Standard of Review

27.     Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to

any party's claim or defense and is proportional to the needs of the case." Rule 26

Advisory Committee Notes to 2015 Amendments.  Even after the 2015 amendments,

"[r]elevance is still to be construed broadly to encompass any matter that bears on, or

that reasonably could lead to other matter that could bear on any party's claim or

defense." Bagley v. Yale Univ., No. 3:13-cv-01890 (CSH), 2015 U.S. Dist. LEXIS 166759,

2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing State Farm Mutual Automobile

Insurance Co. v. Fayda, No. 14 Civ. 9792, 2015 U.S. Dist. LEXIS 162164, 2015 WL

7871037 (S.D.N.Y. Dec. 3, 2015)), at *2.  Moreover, the district court has "wide latitude to

determine the scope of discovery."  In re Agent Orange Product Liability Litigation, 517

F.3d 76, 103 (2d Cir. 2008); Mirra v. Jordan, No. 13-CV-5519, 2016 U.S. Dist. LEXIS 28793,

2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("[m]otions to compel are left to the

court's sound discretion").  "The objecting party bears the burden of demonstrating

specifically how, despite the broad and liberal construction afforded [by] the federal

discovery rules, each request is not relevant or how each question is overly broad,

unduly burdensome or oppressive." Klein v. AIG Trading Group Inc., 228 F.R.D. 418,

422 (D. Conn. 2005) (internal citations and quotation marks omitted).  If a party fails to

produce documents as requested under Rule 34 of the Federal Rules, the party seeking

discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3).

Under Federal Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or

expense." Fed. R. Civ. P. 26(c)(1).  Where the discovery sought is relevant, the party

seeking protection bears the burden of showing that good cause exists to grant the

motion.  Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 391 (2d Cir. 1981)

(citations omitted); Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004)

(citation omitted).

## Conclusions of Law

28.     The sheer amount of time and expense that Plaintiff's request for

SameTime messages would force Seterus to incur gives Seterus good cause to request a

protective order.  SameTime is an interoffice electronic messaging platform, similar to

the instant messenger service used by America Online.  SameTime allows Seterus

employees to communicate in an expansive office setting.  Further, Seterus employees

are not supposed to use SameTime to communicate regarding customer loans.  Finally,

SameTime has no central database; SameTime messages are stored on individual

Seterus computers.  The following illustrates the utterly massive scope of the search

Seterus would have to undertake to comply with Plaintiff's request for SameTime

messages:

- During the period of 2015 to 2018, Seterus employed 1865 people as well as another 1493 contractors.  Presuming an average of 261 workdays per year and only one (1) message sent per employee/contractor per workday in the requested three-year period, the number of SameTime messages generated during that period of time would exceed 2.6 million.

- In attempting to comply with Plaintiff's request for SameTime messages, Seterus contacted a third-party vendor to compile the requested information.  The vendor found it impossible for Seterus to run a query that pulls only images relatedto a loan number or borrower name.  Therefore, Seterus is limited to requesting a date range pull for the entire company for a specified time period.  As indicated *supra*, a request for SameTime messages generated between July 2015 and the present would pull millions if not billions of

SameTime messages that would need to be sifted through, line by line, to confirm if the Plaintiff's loan number or name was mentioned.

Furthermore, the informal nature of SameTime messages suggests that the messages are not likely to contain either a complete loan number or even the first and last name of a borrower. Plaintiff's request for SameTime messages would force Seterus to carry an enormous burden as Seterus would have to reassign its personnel to examine individual computers, to pull the SameTime messages from those computers and then to examine those millions – if not, billions – of messages in the specified three-year date range to determine whether or not any of the messages are responsive to the Plaintiff's request. For these reasons, Seterus respectfully asks this Court to issue a protective order excusing Seterus from producing the requested instant messages.

### Relief Requested

WHEREFORE, Seterus respectfully requests that this Court enter an order:

(1) Excusing Seterus from producing to the Plaintiff the requested SameTime messages; and

(2) Granting Seterus such other and further relief as is just and proper.

Respectfully submitted,

SETERUS, INC.,

By its attorneys,

SASSOON & CYMROT, LLP,

/s/ *Aaron A. Fredericks, Esq.*
Richard C. Demerle, Esq. (*pro hac vice*)
Aaron A. Fredericks, Esq. (ct29871)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: December 28, 2018