**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TERESA MARTINO,<br>*Plaintiff,* | 17-cv-1326 (KAD) |
| v. | |
| NATIONSTAR MORTGAGE LLC, DBA<br>MR. COOPER,<br>*Defendant.* | May 23, 2019 |

**RULING ON MOTION FOR SANCTIONS (ECF NO. 119)**

Kari A. Dooley, United States District Judge

**Preliminary Statement**

Before the Court is the Plaintiff's Motion for Sanctions Pursuant to Rule 37(b)(2), filed on October 22, 2018. (ECF No. 119.) The Defendant filed a memorandum in opposition to the motion on November 13, 2018. (ECF No. 128.) The Plaintiff filed a reply on November 27, 2018. (ECF No. 130.) A telephonic hearing was held on October 29, 2018 to, among other things, clarify for the Court the nature of the then ongoing discovery dispute. At the hearing, the Court indicated that an evidentiary hearing would be scheduled on the motion for sanctions. Ultimately, the Court heard oral argument on May 2, 2019. [1] (ECF No. 159.) The Court determined that sanctions in the form of attorney's fees are appropriate, and instructed the parties to file supplemental briefing. (*Id*.) Thereafter, the Plaintiff filed affidavits and a supplemental memorandum in support on May 11, 2019, requesting attorney's fees of $29,102.50. (ECF No. 161.) The Defendant filed a supplemental memorandum on May 21, 2019, arguing that an award of no more than $3,895.00 would be "reasonable." (ECF No. 166.)

---

[1] Following the telephonic hearing, but prior to the scheduled evidentiary hearing, the Defendant Seterus, Inc. was acquired by Nationstar Mortgage LLC. (*See* ECF No. 144.) Counsel thereafter advised the Court that there were no witnesses available to answer questions regarding Seterus Inc.'s conduct.

**Standard of Review**

Federal Rule of Civil Procedure 37(b) provides for penalties against parties that "fail to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Where the failure to obey a court order involves the non-production of evidence, district courts have "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); Fed. R. Civ. P. 37(b)(2)(A). "There are two basic limitations upon a district court's discretion in imposing sanctions pursuant to Rule 37(b)(2). The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed. *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 707 (1982)). Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976). However, as relevant here, "instead of or in addition to" the specific sanctions delineated under Rule 37(b)(2)(A), the Court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

**Discussion**

Beginning well before this matter was reassigned to the undersigned, the Defendant engaged in a course of conduct designed to thwart legitimate discovery in this matter. The discovery sought in the Plaintiff's First Set of Interrogatories and Request for Production were

clearly and obviously within the scope of Rule 26 discovery. Notwithstanding, the Defendant failed to produce the requested information and interposed arguably frivolous objections, forcing the Plaintiff to file a motion to compel. No agreement being reached, the Court (Hall, *J.*) held a hearing on the motion on May 29, 2018. (ECF No. 88.) At that time, it was clear to the Court that the Defendant's objections were unfounded, and that the vast majority of the Plaintiff's discovery requests were wholly proper. Upon convening the hearing, Judge Hall immediately took the Defendant to task for its discovery responses. With respect to one objection, which she deemed "unacceptable," she further noted, "[i]t is almost Local Rule 11" - a reference to sanctions and an award of attorney's fees. (*Id*. at 3.) With respect to the Interrogatory responses, Judge Hall observed, "I don't know who swore to your answer to the interrogatory. It can't be truthful. When someone asks for all, it may be objectionable but it's still an obligation to answer all. Not to answer the ones you think are important." (*Id.* at 6.) Judge Hall continued: "When you sign an interrogatory and swear it is true, the question is tell me anybody who dealt with my client and you only listed half the people that dealt with his client, that's not true. It is a lie. It could be misfeasance. It could be she's not competent. It could be she wasn't given proper instructions about how to investigate and gather the information called for." (*Id*. at 10.) And after several revelations that the Defendant had not provided its counsel with responsive documents, Judge Hall stated:

> Well, I think these were served in December. You have 30 days. I don't really understand. Either your client hasn't come to appreciate the fact of what it means to be sued or what your obligations are or you haven't tried hard enough to make them understand their obligation. I can sanction you right now. I can sanction your client thousands of dollars. The rule says I'm supposed to, our Local Rule. I never liked it but I don't know how else. This case is a year old maybe, about a year old, pretty close to a year old and we're still talking about document production.

(*Id*. at 28.) The Court ordered full compliance by June 12, 2018, a date which was subsequently extended to June 28, 2018. The only documents produced in a timely fashion following this hearing were policy and procedure manuals. Following weeks and months of no progress, the Plaintiff filed the instant motion for sanctions, in which she details the ultimately failed efforts to obtain discovery from the Defendant. Although Defendant's counsel represented that the Defendant had been advised of Judge Hall's orders immediately following the hearing, it was *September* before the Defendant produced to its counsel approximately 10,000 possibly responsive emails. The Court then gave counsel an additional 60 days, as requested, until December 28, 2018, to review and produce responsive emails. (ECF No. 125.) However, that production was not completed, despite the Court's orders, until well into February 2019.

In short, the Defendant's conduct, as already noted by Judge Hall, is an appalling affront to both the Court and the Plaintiff, exacerbated by the fact that the documents, when finally produced, are revealed to be both probative and valuable. The Defendant offers no justification, explanation, or evidence in mitigation of the flagrant disobedience of this Court's orders and its discovery obligations. As the Court already indicated, a financial sanction is warranted.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-CV-60, 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (citation and internal quotation marks omitted).

Here, the Plaintiff seeks attorney's fees associated with not only the motion for sanctions, but also the motion to compel, which Judge Hall heard in May 2018. Although Judge Hall considered sanctions at that time, she did not order any sanctions and instead ordered the Defendant to produce the outstanding discovery in June. As discussed above, the Defendant made little effort to timely comply with the Court's order. The Court does not, however, revisit the earlier determination not to impose sanctions in connection with the motion to compel.

The Plaintiff has submitted the affidavits and time records for both the attorneys and the law students who have worked on this case and specifically on these issues. The Court finds that the hourly rate proposed for each of the lawyers and the law students is reasonable. The Court further finds, in large measure, that the hours spent on the various tasks identified in the Plaintiff's submission are also reasonable. For the following reasons and in the following amounts, however, the Court does adjust the Plaintiff's request downward.

The Plaintiff's submission reflects attorney and student time valued at $58,205.00, of which they seek an award of $29,102.50. The Court's review of the affidavits reveals that approximately 15% of the attorney/student time submitted pre-dated the May 29, 2018 hearing and otherwise related to the motion to compel. The Court therefore reduces the Plaintiff's requested amount by 15%, which results in a lower figure of $24,737.13. The Court also adjusts downward the request because (a) the attorney's fees were not actually incurred by the Plaintiff; (b) the law students benefit tremendously from the opportunity to litigate in federal court, even where the adverse party behaves in a dilatory fashion, and (c) counsel's time, which makes up the majority of the requested award, is compensated through their positions at Yale Law School. However, none of these are reasons to preclude an award. Indeed, quite to the contrary as correctly pointed out by the Plaintiff. (*See* ECF No. 161, 5) ("[I]f sanctions are also in part intended to

'ensure that a party will not benefit from its own failure to comply,' failing to award law student intern fees would be a windfall for the defendant who happens to be litigating against a clinic.") (citing *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

Accordingly, the Defendant is **Ordered** to pay the sum of $15,000.00 to the Jerome N. Frank Legal Services Organization on or before June 7, 2019.

It is further **Ordered** that if, at the conclusion of discovery, the Plaintiff determines that she would like to reconvene the Rule 30(b)(6) deposition for purposes of examination on the discovery produced after the first deposition occurred, she shall be permitted to do so at the Defendant's expense.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of May 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE