| | |
|---|---|
| TERESA MARTINO,<br>    *Plaintiff*,<br><br><br>v.<br><br><br>NATIONSTAR MORTGAGE LLC, DBA<br>MR. COOPER,<br>    *Defendant*. | 17-cv-1326 (KAD)<br><br><br><br><br><br>May 23, 2019 |

### RULING ON MOTION FOR PROTECTIVE ORDER (ECF NO. 133)

Kari A. Dooley, United States District Judge

**Preliminary Statement**

Before the Court is the Defendant's Motion for Protective Order, filed on December 28, 2018, wherein the Defendant moved pursuant to Rule 26(b)(1) and Local Rule 37 for a protective order excusing it from producing requested Sametime messages.[1] (ECF No. 133.) The Plaintiff filed a memorandum in opposition on January 18, 2019. (ECF No. 137.) Thereafter, the Plaintiff filed supplemental responses on February 20, 2019 (ECF No. 143) and on May 11, 2019 (ECF No. 163).

**Standard of Review**

The scope of discovery permitted under the Federal Rules of Civil Procedure is set forth in Rule 26(b)(1):

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

---

[1] The Plaintiff takes the position that Sametime messages were included in Judge Hall's order issued following the hearing on the motion to compel on May 29, 2019. However, a review of the transcript of that proceeding reveals that the specific nature of internal communications, notes, and the like were not identified at the hearing. The Court therefore does not consider the motion for protective order as inconsistent with obligations previously imposed upon the Defendant by Judge Hall. However, the Defendant was aware months before seeking this protective order that the Plaintiff viewed the Sametime messages as falling within the scope of Judge Hall's order. Waiting until December 28, 2018, the date by which production was due for that discovery, is additional evidence that the Defendant has not been conducting discovery in this matter in good faith.

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for discovery purposes is an extremely broad concept which 'has been construed ... to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 101 (S.D.N.Y. 1997) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Troupin v. Metro. Life Ins. Co.,* 169 F.R.D. 546, 547 (S.D.N.Y. 1996) ("[R]elevance is defined broadly to include any materials which appear reasonably calculated to lead to the discovery of admissible evidence.") (citing cases) (internal quotation marks omitted).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). "[A] district court may issue protective orders 'for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) (citing Fed. R. Civ. P. 26(c)(1)).

"The moving party bears the burden of demonstrating the necessity for such an order." *Mitchell v. Fishbein*, 227 F.R.D. 239, 254 (S.D.N.Y. 2005); *see also In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003) (citing cases). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (internal quotations and citations omitted).

Here, the Defendant asserts that the process for retrieving, reviewing and identifying responsive Sametime messages is (a) unnecessary because the Defendant's employees do not or are not supposed to use the Sametime messaging system for work related communications and the messages will therefore shed no light on this case, and (b) extremely burdensome in terms of cost and resources and wholly disproportionate to the dispute at issue.[2] As to the first assertion, it appears clear from the discovery had to date that, in fact, employees used Sametime messaging for business related purposes, whether they were supposed to or not. As to the second, the Court agrees that a wholesale review of the Sametime messaging data is unduly burdensome and disproportionate to the needs of the case and the amount in controversy. However, some limited review and disclosure is appropriate.

It is therefore **Ordered** that on or before June 15, 2019, the Plaintiff shall identify the names of 20 people who she believes had the most involvement with her loan and loan modification efforts. The Defendant shall search the computers of these 20 employees for Sametime messages pertaining to the Plaintiff or the Plaintiff's account for the period June 1, 2016 through March 30, 2017. The Defendant shall produce any responsive Sametime messages on or before August 1, 2019.

The Motion for Protective Order is otherwise **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of May 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[2]At issue in this case is the Defendant's servicing of the Plaintiff's mortgage loan, which was in the approximate amount of $132,000.00. Plaintiff brings a breach of contract, negligence and CUTPA claim.