**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TERESA MARTINO,<br>    *Plaintiff,* | 17-cv-1326 (KAD) |
|    v. | |
| NATIONSTAR MORTGAGE LLC, DBA<br>MR. COOPER,<br>    *Defendant.* | July 8, 2019 |

**RULING ON MOTION FOR PROTECTIVE ORDER (ECF NO. 158)**

Kari A. Dooley, United States District Judge

**Preliminary Statement**

This action arises out of the Defendant's servicing and purported mishandling of the Plaintiff's mortgage loan. Familiarity with both the allegations and the tortured procedural history of this case is presumed. On May 1, 2019, the Defendant moved pursuant to Rule 26(b)(1) and Local Rule 37 for a protective order excusing it from producing requested internal monthly loan reports ("HSSN reports"). The Plaintiff filed an opposition on May 21, 2019 and therein narrowed her request for HSSN reports to those generated from June 1, 2016 to March 1, 2017. Following the Court's Order of June 4, 2019, the Defendant filed a reply indicating (1) that the parties had met and conferred; and (2) that the Plaintiff still requests approximately 268 HSSN reports. The Plaintiff filed a sur-reply on June 20, 2019, in which she disputes the Defendant's account of the discussion and contends that the Defendant refused to provide additional information which would allow her to "meaningfully" narrow her request even further.

**Discussion**

The scope of discovery permitted under the Federal Rules of Civil Procedure is set forth in Rule 26(b)(1):

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for discovery purposes is an extremely broad concept which 'has been construed ... to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 101 (S.D.N.Y. 1997) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Troupin v. Metro. Life Ins. Co.,* 169 F.R.D. 546, 547 (S.D.N.Y. 1996) ("[R]elevance is defined broadly to include any materials which appear reasonably calculated to lead to the discovery of admissible evidence.") (citing cases) (internal quotation marks omitted).

Even so, the Court has discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). "[A] district court may issue protective orders 'for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) (citing Fed. R. Civ. P. 26(c)(1)). The party seeking to restrict discovery bears the burden of "demonstrating the necessity for such an order." *Mitchell v. Fishbein*, 227 F.R.D. 239, 254 (S.D.N.Y. 2005); *see also In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003) (citing cases). "Ordinarily, good cause exists when a party shows that disclosure

will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (internal quotations and citations omitted). Courts are ever mindful that the scope of the discovery should be proportionate to the claims in the case. *See* Fed. R. Civ. P. 26(b)(1).

Here, the Defendant asserts that the information contained in the HSSN reports is duplicative of previously-produced internal communications. The Defendant also estimates that the process of reviewing, redacting and producing the reports will require between 130 and 270 hours of employee resources at a cost of tens of thousands of dollars. In combination, the Defendant asserts, these factors weigh in favor of a protective order. The Plaintiff seeks the HSSN reports as probative of what the Defendant was communicating to third-parties about her loan. In this vein, the reports clearly fall within the scope of discovery. Nor does Plaintiff accept or agree that the reports are duplicative of discovery already produced. Notwithstanding, the Court remains concerned that the resources expended to date and to be expended in the future are becoming increasingly disproportionate to the amount in controversy.

Accordingly, the motion for protective order is GRANTED in part and DENIED in part. The Plaintiff may identify a single **three-month** period within the target nine-month period on or before July 22, 2019. The Defendant shall produce the HSSN reports for this time period on or before August 12, 2019. If the Plaintiff identifies information or communications in the HSSN reports not previously disclosed in discovery, or if the HSSN reports are significantly probative of the Plaintiff's claims, the Court shall entertain a request to broaden this discovery order upon a showing of same.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July 2019.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE